**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on November 05, 2010, which may be different from its entry on the record.**

**IT IS SO ORDERED.**



**Dated: November 05, 2010**

Arthur I. Harris
United States Bankruptcy Judge

___

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Case No. 10-15582 |
| | ) | |
| MARGARET JOHNS, | ) | Chapter 13 |
| | ) | |
| Debtor. | ) | Judge Arthur I. Harris |
| | ) | |

MEMORANDUM OF OPINION[1]

This case is currently before the Court on confirmation of the debtor's chapter 13 plan and the chapter 13 trustee's objection to confirmation. In lieu of an evidentiary hearing, counsel agreed to submit the matter to the Court based on the written record, including supplemental briefs. At issue is whether the debtor is devoting all of her projected disposable income in accordance with 11 U.S.C. § 1325(b)(1)(B). For the reasons that follow, the Court finds that the debtor's plan meets the projected disposable income requirement and other requirements for

___

[1] This opinion is not intended for official publication.

confirmation under § 1325 of the Bankruptcy Code.

JURISDICTION

Plan confirmation is a core proceeding under 28 U.S.C. § 157(b)(2)(L). The Court has jurisdiction over core proceedings under 28 U.S.C. §§ 1334 and 157(a) and Local General Order No. 84, entered on July 16, 1984, by the United States District Court for the Northern District of Ohio.

FACTS AND PROCEDURAL BACKGROUND

On June 9, 2010, the debtor filed a petition under Chapter 13. The debtor's plan proposes a payment to the trustee of $150 per month, with no dividend to unsecured creditors. (Docket #6). On July 8, 2010, the trustee filed an objection to confirmation of the debtor's plan. The sole basis of the trustee's objection is that the debtor is not devoting all of her projected disposable income to unsecured creditors in contravention of 11 U.S.C. § 1325(b)(1)(B). The parties agree that the debtor is a below median income debtor with an applicable commitment period of 36 months.

The debtor's initial means test – form B22C – disclosed an annualized current monthly income of $ 36,588 (line 15), including a child support payment of $933 per month (line 7). On September 10, 2010, the debtor filed an amended means test, indicating that the correct child support payment is $500 per month,

which is consistent with the debtor's initial Schedule I.

## DISCUSSION

11 U.S.C. § 1325(b)(1) provides in pertinent part:

If the trustee or the holder of an allowed unsecured claim objects to the confirmation of the plan, then the court may not approve the plan unless, as of the effective date of the plan –

>   (A) the value of the property to be distributed under the plan on account of such claim is not less than the amount of such claim; or

>   (B) the plan provides that all of the debtor's projected disposable income to be received in the applicable commitment period beginning on the date that the first payment is due under the plan will be applied to make payments to unsecured creditors under the plan.

Subsection (b)(2) defines disposable income as:

current monthly income received by the debtor (other than child support payments, foster care payments, or disability payments for a dependent child made in accordance with applicable nonbankruptcy law to the extent reasonably necessary to be extended for such child) less amounts reasonably necessary to be expended –

>   (A)(i) for the maintenance or support of the debtor or a dependent of the debtor, or for a domestic support obligation, that first becomes payable after the date the petition is filed; and

>   (ii) for charitable contributions . . .

In most cases, current monthly income is defined as the average monthly

3

income received by a debtor for the six months prior to the date of filing, regardless of whether a debtor's income is above or below median. *See* 11 U.S.C. § 101(10A)(A)(1)(i); *see also Hamilton v. Lanning*, 130 S. Ct. 2464, 2470 & n.1 (2010). In *Lanning*, the Supreme Court held that "when a bankruptcy court calculates a debtor's projected disposable income, the court may account for changes in the debtor's income or expenses that are known or virtually certain at the time of confirmation." 130 S. Ct. at 2478; *see also In re Darrohn*, 615 F.3d 470, 477 (6th Cir. 2010) (holding in *Lanning* applies to changes in the debtor's income *or* expenses).

The debtor has the burden of proving that her plan meets each of the elements required for confirmation under section 1325. *See Shaw v. Aurgroup Financial Credit Union*, 552 F.3d 447, 458 (6th Cir. 2009); *see also United Student Aid Funds, Inc. v. Espinosa*, 130 S. Ct. 1367, 1381 (2010) ("bankruptcy courts have the authority – indeed, the obligation – to direct a debtor to conform his plan to the requirements of [applicable provisions of the Bankruptcy Code]").

The trustee asserts that the debtor fails to devote all of her projected disposable income to unsecured creditors. In response, the debtor asserts that she has no projected disposable income with which to pay unsecured creditors.

While *Lanning* and *Darrohn* provide a framework for much of the analysis

4

in determining a debtor's projected disposable income, including current monthly income, these cases do not address in detail the calculation of amounts reasonably necessary to be expended for maintenance and support for below median income debtors.[2] For this situation, the Court finds instructive Judge Morgenstern-Clarren's opinion in *In re Short*, 08-11224, 2008 WL 5751873, (N.D. Ohio Bankr. Sept. 11, 2008). In *Short*, Judge Morgenstern-Clarren held that where a debtor has no care and support payments or obligations, charitable contributions or business expenses, her disposable income is "calculated by subtracting the expenses that are reasonably necessary for her maintenance and support from her current monthly income." *Short*, 2008 WL 5751873 at *2 (citing *Hildebrand v. Kimbro (In re Kimbro),* 389 B.R. 518, 521 (B.A.P. 6th Cir. 2008)).

For a below median income debtor, the calculation of expenses should be analyzed on a case-by-case basis. The Court in *Short* outlined a breakdown of the categories of expenses a typical below median income debtor may deduct. Those expenses include schedule J deductions, payroll taxes, social security taxes, and

---

[2] In *Lanning* the Supreme Court noted:
For a debtor whose income is below the median for his or her State, the phrase [amounts reasonably necessary to be expended] includes the full amount needed for "maintenance or support," see § 1325(b)(2)(A)(i), but for a debtor with income that exceeds the state median, only certain specified expenses are included.
130 S. Ct. at 2470 (footnote and citations omitted).

5

10-15582-aih    Doc 29    FILED 11/05/10    ENTERED 11/05/10 11:01:11    Page 5 of 9

priority, secured, and chapter 13 administration expenses. *Short*, 2008 WL 5751873 at *4.

In the present case, the debtor initially disclosed a current monthly income of $3,049, which included a child support payment of $933. On September 10, 2010, the debtor filed an amended means test, indicating that the correct child support payment is $500 per month, resulting in a current monthly income of $2,616. The amended means test is consistent with the debtor's initial Schedule I, which also listed the child support payment as being $500 per month. The Court will therefore use the current monthly income of $2,616 from the debtor's amended means test in calculating the debtor's projected disposable income. *See* Fed. R. Bankr. P. 1009.

In determining the amounts reasonably necessary to be expended for maintenance and support, the Court will follow the same framework utilized in *Short*. In his brief, the trustee employed a similar analysis, which yielded a projected disposable income of $435 per month, based upon a current monthly income of $3,049. Using the lower current monthly income of $2,616 in the debtor's amended means test yields a projected disposable income of just $2 per month. A table showing the trustee's suggested expenses, using the amended current monthly income figure of $2,616 appears below.

6

| Current Monthly Income (Amended B22C, line 14) | $2,616 |
| --- | --- |
| LESS: Payroll Deductions (Schedule I) | $270 |
| LESS: Expenses (Schedule J) | $2,407 |
| LESS: Secured/arrearage/priority claims paid through plan | $70 |
| LESS: Trustee's fees | $11 |
| PLUS: tax refund | $144 |
| PROJECTED DISPOSABLE INCOME | $2 |

While this analysis yields a small positive projected disposable income of $2 per month, there is at least one other adjustment which, if appropriate, would result in zero projected disposable income.

This adjustment involves the calculation of the payments on the debt secured by the debtor's 2002 Ford Taurus. In her plan, the debtor proposes to treat this claim as secured in the amount of $3,800, with fixed monthly payments of $75 and an annual interest rate of 4 percent. In contrast, the trustee calculates this secured claim as an expense of $70 per month. The trustee does so by taking the total amount needed to pay $3,800 at 4 percent interest over 60 months and dividing by 60. Although the applicable commitment period for above median income debtors is 60 months, for below median income debtors, the applicable commitment period is only 36 months. *See* 11 U.S.C. § 1325(b)(1)(B). To pay the same $3,800 secured claim in full over 36 months would require a fixed payment over $100 per

7

month. The debtor's plan, on the other hand, proposes a fixed payment of $75 per month, which would take at least 55 months to pay the same $3,800 secured claim. Given the adequate protection requirements for claims secured by personal property added to section 1325(a)(5)(B)(iii) by Congress in 2005, it is unclear whether a fixed lower payment over 60 months – the maximum possible period – would be confirmable. In any event, the Court believes that a better measure of this secured claim for a below median income debtor is either (1) the total cost, including interest, divided by 36 months, or (2) the fixed monthly payment provided under the debtor's plan, so long as the payments run for at least 36 months. Under either option, the adjustment would result in a projected disposable income of zero.

Because deduction of the expenses outlined above results in no projected disposable income, this Court need not consider the debtor's argument that other expenses, such as attorney's fees to be paid through the chapter 13 trustee, also qualify as amounts reasonably necessary in determining projected disposable income for a below median income debtor.

## CONCLUSION

For the foregoing reasons, the Court finds that the debtor's plan meets the projected disposable income requirement and other requirements for confirmation

8

under section 1325 of the Bankruptcy Code. The chapter 13 trustee shall submit a proposed order confirming the plan of reorganization pursuant to Administrative Order 06-6.

IT IS SO ORDERED.

9

10-15582-aih    Doc 29    FILED 11/05/10    ENTERED 11/05/10 11:01:11    Page 9 of 9